IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NORMAN BROWN, | ) | |
| | ) | Civil No. 07-1150-JO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A. DANIELS, Warden at FCI Sheridan and D. HOUSER, | ) ) ) | ORDER TO DISMISS |
| | ) | |
| Defendants. | ) | |

JONES, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated when defendant D. Houser ("Houser"), a corrections officer, verbally harassed and threatened him. Specifically, plaintiff alleges that Houser told him he was going to make him his slave, called him a loser, gestured that he was a loser by making the "L" shape with his thumb and index finger and placing it on his forehead, and threatened to

1 - ORDER TO DISMISS

put plaintiff in the hole.  Plaintiff asserts that the incident caused him psychological injury for which he received counseling and for which he continues to take medication.

The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Verbal abuse by a prison official generally does not violate the Eighth Amendment.  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996)(implying that harassing comments that were "unusually gross even for a prison setting and were calculated to and did cause [ ] psychological damage" might state an Eighth Amendment claim)(citing <u>Oltarzerski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987)).  Moreover, a "mere threat" of future bodily harm to a prisoner may not provide a basis for a cognizable 42 U.S.C. § 1983 claim.  <u>Guat v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

The alleged verbal harassment is not "unusually gross" so as to rise to the level of an Eighth Amendment violation and the alleged threat to put plaintiff in the hole does not provide a basis for a § 1983 claim.  Accordingly, plaintiff's Complaint (#2)

is dismissed with prejudice on the basis that it fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Plaintiff's Complaint (#2) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of October, 2007.

                /s/ Robert E. Jones
                   Robert E. Jones
                   United States District Judge